UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| GINSENG BOARD OF WISCONSIN, INC., a Wisconsin, non-profit, non-stock corporation, | |
| Plaintiff, | Case No: 3:15-cv-533 |
| vs. | Judge: |
| | Magistrate Judge: |
| UUSTAR CORPORATION, a North Carolina corporation; WOHO NATURAL, INC., a North Carolina Corporation, YANQING LI; and CHANG SU, | JURY DEMANDED |
| Defendants. | |

## COMPLAINT

THE PLAINTIFF, Ginseng Board of Wisconsin, Inc., by its attorney, Michael T. Hopkins, as and for a Complaint against the Defendants, Uustar Corporation; Woho Natural, Inc., Yanqing Li; and Chang Su, alleges and shows to the Court as follows, to wit:

### JURISDICTION

1. The Court has subject matter jurisdiction in this action pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1121(a) as this action arises under the Federal Trademark Act, 15 U.S.C. §1051, et seq. The Court also has diversity jurisdiction pursuant to 28 U.S.C. §1332(a)(1), as this case arises between citizens of different states and the amount in controversy exceed $75,000.00.

2. The Court has personal jurisdiction over the Defendants pursuant to Wis. Stats. §801.05(1)(d) and (4)(a) and (b), as the Defendants are engaged in substantial and not isolated activities within this state; this is an action claiming injury to property within this state arising

out of an act or omission outside this state by the defendants, who, at the time of injury, carried out solicitation activities within this state; and products processed, serviced or manufactured by the Defendants were used or consumed within this state in the ordinary course of trade, all as more fully alleged below.

VENUE

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(1) and (2), and 28 U.S.C. §1391(c)(2), as one or more of the Defendants reside within this District and a substantial part of the events giving rise to this claim arose within this District.

PARTIES

4. The Plaintiff, Ginseng Board of Wisconsin, Inc. (hereinafter "GBW"), is a non-stock, not for profit corporation organized and existing pursuant to the laws of the State of Wisconsin, having its principal and only corporate office located at 668 Maratech Avenue, Suite E, Marathon City, Wisconsin.

5. The Defendant, Uustar Corporation (hereinafter "Uustar"), is a North Carolina corporation having its principal corporate office located in Apex, North Carolina, and which, as its principal corporate activity, is engaged in the sale of vitamins and other dietary and food supplements, including ginseng root and other consumable products containing ginseng, at wholesale and retail.

6. The Defendant, WOHO Natural, Inc. (hereinafter "WOHO"), is a North Carolina corporation having its principal corporate office located in Apex, North Carolina, and which, as its principal corporate activity, is engaged in the sale of vitamins and other dietary and food

supplements, including ginseng root and other consumable products containing ginseng, at wholesale and retail.

7. The Defendant, Yanqing Li (hereinafter "Li"), is an adult individual whose principal residence is located in Cary, North Carolina, and is a principal officer, director and shareholder of the corporate Defendants.

8. The Defendant, Chang Su (hereinafter "Su"), is an adult individual whose principal residence is located in Cary, North Carolina, and is a principal officer, director and shareholder of the corporate Defendants.

## FACTS

9. The creation of GBW was authorized by a marketing order (Wis. Admin. Code ATCP 148) issued by Wisconsin's Department of Agriculture, Trade and Consumer Protection pursuant to Wis.Stats. Chapter 96 and ATCP 140.

10. All ginseng farmers in the State of Wisconsin are assessed annual fees for the operation of the GBW, and all ginseng farmers in the State of Wisconsin are eligible to vote for the election of members of the GBW.

11. The primary objectives of the GBW are to "improve the quality and expand sales of ginseng," including the development of "new markets for ginseng and ginseng products" (ATCP148.02(1)), for the benefit of all Wisconsin ginseng farmers.

12. Ginseng root grown in Wisconsin is sold at a premium on the world market of two and one-half to three and one-half times the price of ginseng root grown elsewhere, due to its purity and high levels of ginsenocide, the medicinal active ingredient found in ginseng root.

13. The corporate Defendants identified in paragraphs 5-6, supra (hereinafter collectively referred to as "U-W") sell vitamins and other dietary and food supplements, including ginseng root and other consumable products containing ginseng through their proprietary website, "dailyvita.com;" through international on-line retailers such as Sears®, ebay®, and amazon®; and through a host of other specialty on-line retail web sites including but not limited to tophealthylives.com, stucco.com, rakuten.com, multivitaminsshoppe.com, influenster.com, herbialand.com, fishpond.com, dealmoon.com, camelcamelcamel.com, and bigchinastore.com.

14. Each of the online websites referred to in paragraph 13, supra, are interactive in nature, allowing consumers to purchase (order and pay for) product, including ginseng root and other consumable products containing ginseng, directly through said sites from anywhere in the United States, including Wisconsin.

15. On April 14, 2015 Plaintiff, in Wisconsin, purchased a package of sliced ginseng root through the amazon.com® website which was packaged by and bore the trademark of WOHO, and was shipped by Daily Vita, an Amazon® Store owned and operated by Uustar.

16. The package of sliced ginseng root purchased by Plaintiff from U-W was clearly marked as containing ginseng grown in Wisconsin, when in fact the ginseng root contained therein originated from and was grown in China.

17. On April 21, 2015 Plaintiff, in Wisconsin, purchased a package of whole ginseng root through the amazon.com® website which was packaged by and bore the trademark of WOHO, and was shipped by Daily Vita, an Amazon® Store owned and operated by Uustar.

18. The package of whole ginseng root purchased by Plaintiff from U-W was clearly marked as containing ginseng grown in Wisconsin, when in fact the ginseng root contained therein originated from and was grown in China.

19. The conduct of U-W, described above, was performed and accomplished through the concerted direction, control, conduct and instructions of the Defendants, Li and Su, personally and as directors, shareholders and principal officers of U-W. Li and Su had the ability to prevent U-W from engaging in the tortious conduct referred to above and/or to stop said conduct once it began. Further, Li and Su have received pecuniary benefit from U-W's tortious conduct. Accordingly, Li and Su are personally liable to GBW for the tortious conduct of U-W, described above.

## CAUSE OF ACTION - VIOLATION OF 15 U.S.C. §1125(a)

20. GBW realleges and incorporates, as if fully set forth herein, each and every allegation contained in paragraphs 1 through 19, supra.

21. The conduct of the Defendants, and each of them, described above, is likely to cause injury and damage to GBW and the Wisconsin ginseng growers which it represents by:

a)  flooding the U.S. and world markets with ginseng root which purports to be grown in Wisconsin, thereby depressing the price at which ginseng root actually grown in Wisconsin may be sold;

b)  decreasing the number of individuals (market) purchasing ginseng root actually grown in Wisconsin; and

c)  selling ginseng root of poor and deficient quality identified as Wisconsin ginseng root, thereby eroding the status and desirability of Wisconsin ginseng in the mind

of the consuming public, decreasing overall market demand for Wisconsin grown ginseng.

22. By engaging in the false and misleading conduct identified above, the Defendants have engaged in false advertising and unfair competition in violation of §43(a) of the U.S. Lanham Act, 15 U.S.C. §1125(a).

23. Pursuant to §35(a) of the U.S. Lanham Act, 15 U.S.C. §1117(a), GBW is entitled to recover of the Defendants, jointly and severally, the profits Defendants obtained from selling the ginseng root described above, trebled, together with its actual attorney fees and costs, as an exceptional case.

24. Pursuant to §36 of the U.S. Lanham Act, 15 U.S.C. §1118, GBW requests that an order be entered instructing the U.S. Marshall to seize and thereinafter destroy all packages of ginseng root described above, and all like packaging materials in Defendants' possession and control.

WHEREFORE, the Plaintiff, Ginseng Board of Wisconsin, Inc., hereby demands that judgment be entered in its favor and against the Defendants, Uustar Corporation; Woho Natural, Inc., Yanqing Li; and Chang Su, jointly and severally, as follows:

    A.    Awarding GBW treble the profits obtained by Defendants from the sale of ginseng root described above, pursuant to 15 U.S.C. §1117(a);

    B.    Awarding GBW the actual costs and attorney fees incurred in prosecution of this matter as an exceptional case, pursuant to 15 U.S.C. §1117(a);

C.	Ordering the U.S. Marshall to seize and thereinafter destroy all packages of ginseng root described above, and all like packaging materials in Defendants' possession and control; and

D.	Such other relief as the Court may deem just and equitable.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY**

Dated this 21st day of August, 2015.

			/s/ Michael T. Hopkins		.
Michael T. Hopkins,
LEAD COUNSEL

WI Bar No: 1014792

757 N. Broadway, Suite 201
Milwaukee, WI  53202

mth@ip-lit.us
Tel/Fax: 888-227-1655

attorney for Plaintiff