IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
MADISON DIVISION

| | |
|---|---|
| **GINSENG BOARD OF WISCONSIN, INC.,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| v. ] | **Case No: 3:15-cv-00533-slc** |
| ] | **Judge: Stephen L. Crocker** |
| **UUSTAR CORPORATION;WOHO** ] | |
| **NATURAL, INC.; YANQUING LI and** ] | |
| **CHANG SU;** ] | |
| ] | |
| **Defendants.** ] | |

## ANSWER

Defendants through their attorney respond to the allegations of the Complaint as follows:

1. Defendants admit that the Complaint articulates a cause of action under the Lanham Act, 15 USC §1051, et seq.  Except as admitted, Defendants deny the allegations of paragraph 1.

2. Defendants deny the allegations of paragraph 2.

3. Defendants deny the allegations of paragraph 3.

4. Defendants lack sufficient information regarding the allegations of paragraph 4 and therefore deny the same.

5. Defendants admit the allegations of paragraph 5.

6. Defendants admit the Defendant, WOHO Natural, Inc. (hereinafter "WOHO"), is a North Carolina corporation having its principal corporate office located in Apex, North Carolina, and which, as its principal corporate activity, is engaged in the sale of vitamins and other dietary and food supplements, including ginseng root and other consumable products

containing ginseng, at wholesale to Defendant Uustar Corporation (hereinafter "WOHO"). Except as admitted herein, Defendants deny the allegation of paragraph 6.

7. Defendants admit the Defendant, Yanqing Li (hereinafter "Li"), is an adult individual whose principal residence is located in Cary, North Carolina, and is a principal officer, director and shareholder of Uustar. Except as admitted herein, Defendants deny the allegation of paragraph 7.

8. Defendants admit the Defendant, Chang Su (hereinafter "Su"), is an adult individual whose principal residence is located in Cary, North Carolina, and is a principal officer, director and shareholder of WOHO. Except as admitted herein, Defendants deny the allegation of paragraph 8.

9. Defendants lack sufficient information to form a belief as to the allegations of paragraph 9 and therefore deny the same.

10. Defendants lack sufficient information to form a belief as to the allegations of paragraph 10 and therefore deny the same.

11. The allegations of paragraph 11 are legal in nature and do not require a response. The cited statute speaks for itself.  To the extent a response is required, Defendants deny the allegation of paragraph 11.

12. Defendants lack sufficient information to form a belief as to the allegations of paragraph 12 and therefore deny the same.

13. Defendant Uustar admits that it sells vitamins and other dietary and food supplements, including ginseng root and other consumable products containing ginseng through the website, "dailyvita.com;" and through the on-line retailers ebay.com, and amazon.com, and rakuten.com. Except as admitted herein, Defendants deny the allegation of paragraph 13.

14. Defendants lack sufficient information to form a belief as to the allegations of paragraph 14 and therefore deny the same.

15. Defendants lack sufficient information to form a belief as to the allegations of paragraph 15 and therefore deny the same.

16. The corporate Defendants admit that they have sold ginseng product marked as containing ginseng grown in Wisconsin and that Defendants believed the ginseng in such packaging was grown in Wisconsin.  Except as admitted herein, Defendants lack sufficient information to form a belief as to the remaining allegations of paragraph 16 and therefore deny the same.

17. Defendants lack sufficient information to form a belief as to the allegations of paragraph 17 and therefore deny the same.

18. Defendants lack sufficient information to form a belief as to the allegations of paragraph 18 and therefore deny the same.

19. Defendants Li and Su each believed that the ginseng product sold by the corporate Defendants and marked as "Product of Wisconsin" was in fact ginseng grown in Wisconsin.  Defendants Li and Su further admit that they oversee and control the operations of the corporate Defendants.  Except as admitted herein, the allegations of paragraph 19 are denied.

20. To the extent a response is necessary to this paragraph, Defendants incorporate their responses contained in paragraphs 1-19, supra.

21. Defendants deny the allegations of paragraph 21 including that of each subpart.

22. Defendants deny the allegations of paragraph 22.

23. Defendants deny the allegations of paragraph 23.

24. Defendants deny the allegations of paragraph 24 and oppose the request set forth therein.

**FIRST AFFIRMATIVE DEFENSE**

Defendants purchased their ginseng from reputable third-party distributors for many years and reasonably believed that the ginseng product marked as grown in Wisconsin was in fact grown there. Defendant's first notice that the ginseng might not be from Wisconsin was through service of this lawsuit. Upon receipt of this lawsuit, Defendant's immediately removed any reference to Wisconsin from their marketing and packaging materials. Based on Defendants' reasonable and good faith conduct, Plaintiffs should be denied monetary and injunctive relief.

**SECOND AFFIRMATIVE DEFENSE**

The statute of limitations bars Plaintiff's recovery of damages for sales preceding three years from the filing date of this lawsuit.

**THIRD AFFIRMATIVE DEFENSE**

The equitable doctrine of latches bars or should mitigate any claim for damages asserted by Plaintiff.

**FOURTH AFFIRMATIVE DEFENSE**

Upon information and belief, Plaintiff lacks standing to bring false advertising claims against Defendants. The statutory objective of Plaintiff's organization is marketing to improve the quality and expand the sales of ginseng. The statutory objectives articulate maintaining experimental gardens or programs for conducting research on root quality problems, pesticide applications and pesticide labeling; conducting consumer nutrition and health research related to ginseng consumption; improving methods and practices related to the marketing of ginseng;

developing new markets for ginseng and ginseng products; and providing educational programs for producers, handlers and consumers. The stated statutory objectives to which, upon information and belief, the objectives and activities of Plaintiff are limited under Wisconsin law, do not include any objective or purpose consistent with the existence of standing in this lawsuit, or generally of federal Lanham Act claims asserted by Plaintiff. Upon information and belief, Plaintiff fails one or more additional requirements for asserting standing in this proceeding.

## FIFTH AFFIRMATIVE DEFENSE

Upon information and belief, and given the limits of Plaintiff's statutorily-defined purpose, Plaintiff cannot genuinely have a belief and does not believe that Plaintiff is "likely to be damaged" by the Defendant's alleged conduct.

## SIXTH AFFIRMATIVE DEFENSE

Upon information and belief, and given the limits of Plaintiff's statutorily-defined purpose and activities, Plaintiff and Defendant are not competitors, and Plaintiff cannot be damaged by Defendant's alleged conduct.

Wherefore Defendants pray that judgment be entered against Plaintiff on all claims and that Defendants be awarded recovery of their cost and fees and such other relief as deemed just and appropriate by the Court.

Respectfully submitted, this the 1st day of October, 2015.

By: */s/ Anthony J. Biller*  
    Anthony J. Biller  
    COATS & BENNETT, P.L.L.C.  
    1400 Crescent Green Suite 300  
    Cary, North Carolina 27518  
    Telephone: 919-854-1844  
    Facsimile: 919-854-2084  
    Email: abiller@coatsandbennett.com

By: */s/ Peter N. Jansson*  
    Peter N. Jansson  
    WI Bar No. 1052298  
    JANSSON MUNGER MCKINLEY & SHAPE LTD.  
    601 Lake Avenue  
    Racine, Wisconsin 53403  
    Telephone: 262-632-6900  
    Email: pjansson@janlaw.com  
           ejansson@janlaw.com

*Attorneys for Defendants Uustar Corporation, WOHO Natural, Inc., Yanquing Li and Chang Su*

## CERTIFICATE OF SERVICE

      I hereby certify that on this the 1st day of October, 2015 a copy of the foregoing **ANSWER** was filed with the Clerk of Court using the CM/ECF system which will send notification to opposing counsel at the following address:

> Mr. Michael T. Hopkins
> Hopkins McCarthy LLC
> P.O. Box 510138
> Milwaukee, WI 53203
> mth@ip-lit.us

>       */s/ Anthony J. Biller*
>       Anthony J. Biller
>       *Attorney for Defendants*